

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Nancy Ann Howell,<br><br>Debtor. | Case No: 6:13-29922<br><br>Chapter: 7<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Hearing Date: December 14, 2016<br>Time: 2:00 p.m.<br>Courtroom: 303 |

On October 25, 2016, Nancy Ann Howell (the "Debtor") filed a Motion to Reconsider the Court's October 11, 2016, Order Reopening Bankruptcy Case (Docket No. 68) and Order on Motion for Relief From the Automatic Stay (Docket No. 67). A hearing on the Reconsideration Motion was held on December 14, 2016, at 2:00 p.m. Appearances were noted on the record. Based upon the arguments of the parties, the pleadings, filings and record before the Court and based on the findings of fact and conclusions of law set forth in the Court's tentative ruling attached hereto, which the Court adopts as its final ruling as modified on the record at the hearing, and good cause appearing therefore,

//

//

- 1 -

**IT IS ORDERED** that Debtor's request for reconsideration is denied with prejudice.

###

Date: January 12, 2017

_____
Mark Houle
United States Bankruptcy Judge

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016                                                                  Hearing Room    303

11:00 AM
6:13-29922    Nancy Ann Howell                                                                         Chapter 7

#8.00    Motion to Reconsider the order granting plaintiffs motion to reopen and order denying plaintiffs motion for relief from stay. (related documents 43 Motion to Reopen Case, 45 Motion for Relief from Stay.

EH__

Docket    71

**Tentative Ruling:**

12/14/2016

The Court has notified both parties that this hearing is being trailed to 2:00 p.m. to be heard in conjunction with several matters currently on calendar in the related Law Offices of Andrew Bisom et. al. v. Howell adversary proceeding.

**Background:**

On December 12, 2013, Nancy Howell ("Debtor") filed a voluntary chapter 7 petition for relief. Prior to filing the instant bankruptcy case, on November 3, 2008, the Law Office of Andrew S. Bisom and Eisenberg Law Firm, APC (together "Movants") obtained a state court judgment ("Judgment") in case no 07CC06921.

On March 14, 2014, Movants filed an adversary proceeding against the Debtor objecting to the dischargeability of the Judgment under 11 U.S.C. §§ 523 (a)(2) and (a)(6) ("Adversary Proceeding"). This Adversary Proceeding is still pending. Debtor received a discharge on April 1, 2014, and her bankruptcy case was closed on April 9, 2014.

On December 14, 2015, Debtor filed a Notice of Appeal of the state court judgment, which is the subject of the adversary proceeding filed by Movants. On March 15, 2016, the Court of Appeals issued an order staying the appeal because of Debtor's bankruptcy filings.

On July 29, 2016, Movants filed a Motion for Relief from the Automatic Stay

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016                                                      Hearing Room    303

11:00 AM
CONT...    Nancy Ann Howell                                                                 Chapter 7
("RFS Motion") seeking authority to proceed in with the appeal. On October 12, 2016, this Court entered its order holding that the automatic stay terminated on April 9, 2014, by operation of law pursuant to 11 U.S.C. § 362(c)(2)(A) (the "RFS Order"). On October 25, 2016, the Debtor filed a motion to reconsider the RFS Order ("Motion"). On October 31, 2016, the Movants filed an objection to the Motion of the Debtor and to her previously overruled objections to the form of the order ("Response").

**Discussion:**

Application of the Local Bankruptcy Rules

First, the Debtor indicates that the mandatory form was not used by the Movants when the order was lodged. However, the Court entered its RFS and specifically overruled the objections of Debtor to this effect. Local Bankruptcy Rule 9021(b)(3)(C) states that "[i]f it finds the ends of justice so requires, the court may conduct a hearing on the proper form of the order or decide any objection thereto without a hearing." Here, the Court reviewed the Objections to the form of the order previously filed by the Debtor and specifically overruled those objections in its RFS Order. Additionally, LBR 1001-1(d) provides, in pertinent part, that

> The Local Bankruptcy Rules apply uniformly throughout the district, but are not intended to limit the discretion of the court. The court may waive the application of any Local Bankruptcy Rule in any case or proceeding, or make additional orders as it deems appropriate, in the interest of justice.

In this case, the Court previously found that the order as lodged by Movants was sufficiently clear. For these reasons, the Court finds it unnecessary to modify the order or have the order placed in the Mandatory Form. Additionally, the Court does not agree with Debtor that the tentative ruling discussion attached to the RFS Order in any way disparaged, prejudiced, or mislabeled Debtor. Moreover, the Court's discussion of the automatic stay in the tentative ruling attached to the RFS Order, the Court was contrasting between an order of the Court pursuant to a motion, which is subject to FRBP 9024 and the automatic stay, a creature of statute, which arises by operation of law and for which § 362 imposes no time limit on the filing of a motion for relief from stay. Additionally, the Debtor's arguments that the tentative ruling

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016                                                                    Hearing Room    303

11:00 AM
CONT...    Nancy Ann Howell                                                                                          Chapter 7
attached to the RFS Order are either prejudicial or disparaging are unpersuasive and unfounded.

Rooker-Feldman

      The Debtor asserts that the Orange County Court of Appeals' has ruled that the appeal of the Judgment entered against her in State Court cannot continue at the State level until a determination of dischargeability is made by the bankruptcy court. (Mot. at 8). The Debtor argues that this Court's RFS Order violated the *Rooker-Feldman* doctrine by making a decision that conflicts with a State Court's ruling. The Debtor's reliance on *Rooker-Feldman* is misplaced. The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.

      Here, there has been no direct appeal from either a state trial court or from the Orange County Court of Appeals to the bankruptcy court. Instead, there was a motion in the bankruptcy court for ruling on an issue unique to bankruptcy law –the operation of the automatic stay under § 362. State courts have no authority to modify the automatic stay because such an act constitute an intervention in the operation of an ongoing federal bankruptcy case, the administration of which is vested exclusively in the bankruptcy court. *In re Gruntz*, 202 F.3d 1074, 1084 (9th Cir. 2000). *Rooker–Feldman* does not allow a state court to interfere with the core administrative functions of an operative bankruptcy. *Id.* Just as federal district courts are not part of the state appellate system, neither are state courts granted supervisory or appellate jurisdiction over federal courts. *Id.* Thus, *Rooker–Feldman* does not nullify federal courts' authority to enforce the automatic stay, nor does it strip this Court of any jurisdiction over the determination made in the RFS Order.

Relief from Stay

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016                                                                Hearing Room    303

11:00 AM
CONT...    Nancy Ann Howell                                                                           Chapter 7

Debtor mistakenly believes that the automatic stay is modified pursuant to Rule 9024. Indeed, an order by the Court modifying or annulling the automatic stay may be reconsidered under Rule 9024. However, that did not happen with respect to the Court's RFS Order. Instead, the authority of the Court for entering the RFS Order was pursuant to § 362(c)(2) which indicates when the automatic stay terminates by operation of law.

The remainder of the Debtor's pleading is simply not relevant to her request for reconsideration and as such need not be considered.

Order Reopening the Case

Finally, the Debtor has provided no cognizable grounds for reconsideration of the Court's order reopening this case. For this reason, the Motion is DENIED as to reconsideration of the Order reopening the Debtor's case.

**Tentative Ruling:**

Based on the foregoing, the Court's tentative ruling is DENY Debtor's Motion in its entirety.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

Nancy Ann Howell                                        Pro Se

**Movant(s):**

Nancy Ann Howell                                        Pro Se

**Trustee(s):**

Steven M Speier (TR)                                    Pro Se